## M. B. GRACE *v.* S. A. FLOYD.

[60 South. 135]

APPEAL AND ERROR. *Rules of court. Briefs.*

> Where a brief is filed in the supreme court in violation of paragraph 3 of rule 7 of the rules of that court, providing that "briefs shall be on white paper, without the name of any person or advertising matter thereon", the case will be remanded to the docket, with leave to counsel to withdraw his brief and file another if he so desires.

APPEAL from the circuit court of Carroll county.

HON. G. A. McLEAN, Judge.

Suit by M. B. Grace agianst S. A. Floyd. From a judgment for plaintiff, defendant appeals. Remanded to docket with leave to file another brief.

The facts are fully stated in the opinion of the court.

*M. B. Grace,* for appellee.

Where can the appellee be deprived of any of his rights by the court considering these notes? Where can he be damaged in the least? He does not contend that he will in any way be damaged by the court considering the evidence in this case. Evidently the attorneys for appellee felt confident of their position, and there was no error in this matter at the time it was tried by the court below, and, since it has found its way to the supreme court where the rulings of the court below, as well as all the evidence, will be considered by the supreme court, they have become frightened, and rather not have the court consider the evidence, and too, they have a *supersedeas* bond in this case. Now if, by some motion or other hook or crook they can get this judgment affirmed, they can collect the judgment, and collect the judgment they must, to be able to collect any fee at all. We hope the court will keep in mind one fact, counsel for the motion does not contend that the notes are incorrect in any material particular, or that his client will lose some of his vested rights by the court reading and considering the evidence, but just wants the notes stricken out whether or not. If the notes were incorrect in any particular, there would be some merit in the motion, but we would be met with a wholly different motion. In the case of *Lumber Minerals Co.,* v. *King,* 98 Miss. 731, 54 So. 250, where this very question was considered by the court, and the court was deciding as between right and wrong, justice and injustice, the court very pertinently used this language in

its opinion on the motion to strike the stenographer's notes.

"This motion is accompanied by no showing that the notes are incorrect in any material as is required by section 797d, Code 1906, as amended by Laws 1910, p. 94. It clearly appears that Thrapp was the stenographer who took most of the testimony, though two stenographers were present and acted as official stenographers at different times during the trial of the case. The whole record seems to be in the case, and there is not complaint that all the testimony taken is not present.

"In view of the fact that no damage is occasioned to appellee, so far as is shown by this motion, either of these stenographers was 'the official stenographer' *pro hac vice*, and this motion should be overruled. For all purposes of the law, written notice was served upon the official stenographer 'within thirty days after the adjournment of the court,' and when this is done no transcript shall be stricken from the record by the supreme court, for any reason, unless it is shown that such notes are incorrect in some material particular, and no such showing is made here. Motion overruled."

The court held practically the same thing in the case of *Evans* v. *Ham*, 98 Miss. 733, 54 So. 350. The court seemed to be looking to right and justice, and said emphatically, "if it was shown the notes were incorrect in some material particular, the motion would probably be sustained. The grounds set up why the motion should be sustained in that case and the stenographer's notes stricken from the record had more weight and were more reasonable and plausible than the grounds or reasons why this motion should be sustained, yet the court overruled it. It is questionable whether the stenographer's notes should be stricken from the record because notice was not served upon the stenographer within thirty days and sixty days for that matter. The burden is upon the appellant to perfect his record within

sixty days. No notice at all may be served upon the
stenographer, yet if he gets up his notes and they are
filed within sixty days and the record is perfected, has
the appellee any complaint to make, just so he is not
damaged? It is true, the stenographer is under bond
and his official bond may be put into suit at any time
by a litigant who suffers some damage because of his
inability or neglect, but what litigant wants to bring
a suit against a stenographer and compel him to pay
him damages when he barely gets enough to keep soul
and body together and half support his family. This
poor fellow is one of those unfortunates, and has a family
depending upon him for a support, and it would be like
holding him up and taking away from him and his family
an amount as damages, if a jury could be found who
would render a verdict against him and his sureties for
anything like the damage suffered and sustained be-
cause of his appetite for strong drink, or his seeming
negligence, if the supreme court should sustain this motion.

It seems rather evident, counsel for the appellee has
carefully examined the law, and is convinced this judg-
ment is almost certain to be reversed, and, to have it
affirmed, hope to place beyond the reach and considera-
tion of the court, all the evidence, and when the court
comes to a consideration of the case upon its merits,
there is nothing for the court to pass upon but the plead-
ings. The court could not consider the motions and
rulings of the court upon same, because to be able to do
so, the court would have to know something of the
evidence.

We submit there is but little or no merit in this motion
and it should be overruled. The court should consider
this case upon all the evidence and the rulings of the
court. If the lower court has made a reversible error,
no snap judgment should be taken in the supreme court
like there was in the court below. We can do no more
than rest this case upon the good judgment and tender

mercies of the court, and respectfully submit this motion should be overruled.

*Houston & McEachern* and *S. E. Turner*, for appellant.

This cause was tried at the October term 1911 of the circuit court of the first district of Carroll county on a motion made by the appellee therein against M. B. Grace, his former attorney, in the above styled cause to require him to pay over to appellee certain monies collected by him as such attorney. The motion to strike out transcript of stenographer's notes in this case has attached to it the affidavit of the official stenographer which shows that he had no notice that his notes which were taken in the trial of this cause would be desired on account of an appeal until the 16th day of December, 1911, and the certificate of the clerk of the court shows that the court adjourned on the 10th day of November, 1911.

We submit that it is the imperative duty of the party desiring to take an appeal to give notice to the stenographer that the transcript of his notes of the evidence taken is desired within thirty days after the adjournment of the court and that if he fails so to do that the transcribed notes accepted by special agreement of counsel cannot be made a part of the official record of the cause. In support of our contention we cite chapter 111, Laws 1912, and especially section 797A of said law and the case of *Evans* v. *Ham*, 98 Miss. 731 and *Lumber Mineral Company* v. *Mrs. Minerva King*, 98 Miss. 733.

It is true in those cases the motion to strike out the stenographer's notes was overruled but in the latter case the court, in rendering its opinion, used this language: "For all purposes of the law written notices were served on the official stenographer 'within thirty days from the adjournment of court and when this is done no transcript shall be stricken from the record by the supreme court for any reasons' unless it be shown that such notes are incorrect in some material particular."

We submit further that the appellant failed to give notice required by said statute within the time therein prescribed and the motion to strike out that part of the record in this cause which contains the transcript of the official stenographer's notes should be sustained.

Argued orally by *M. B. Grace*, for appellant and *E. V. Hughston*, for appellee.

SMITH, C. J., delivered the opinion of the court.

The brief of counsel for appellant has his name, profession, and address printed in large letters at the middle of each page thereof; the matter of the brief being written over this name, profession, and address. Paragraph 3 of rule 7 provides that briefs shall be on white paper, *without the name of any person or advertising matter thereon*, and this brief was filed some time after this rule was adopted.

Remanded to docket, with leave to counsel to withdraw his brief and file another, if he so desires.

*Remanded.*